UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAESHONE HOLMES,<br><br>                Petitioner,<br><br>    vs.<br><br>D.K. JOHNSON, Warden,<br><br>                Respondent. | CASE NO. ED CV 12-01792 PA (RZ)<br><br>ORDER TO SHOW CAUSE RE UNTIMELINESS |

       The Court issues this Order To Show Cause directed to Plaintiff because this habeas corpus action may be time-barred.

       In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court.  28 U.S.C. § 2244(d).  In most cases, the limitations period commences on the date a petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final:  the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560, 2562-63, 177 L. Ed. 2d 130 (2010).

From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) In 1997, a Riverside County Superior Court jury convicted Petitioner of murder and personal use of a dangerous weapon. She was sentenced to prison for 16 years to life. Pet. ¶ 2.

(b) The Court of Appeal affirmed in March 1999. Pet. ¶ 3. Petitioner did not seek further direct review in the California Supreme Court. Pet. ¶ 4.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. Petitioner's conviction therefore became final in June 1999, when the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1.

(d) On November 1, 1999, her direct-appeal counsel wrote to advise her, among other things, that "[i]f you decide to file a petition for a writ of habeas corpus in federal district court, you will need to do so on your own. You will need to explain that a petition for review in the California Supreme Court was not filed because your attorney missed the deadline . . . ." *See* unlabeled Ex. to Pet. (letter).

(e) Over ten years passed. In January 2010, Petitioner began a series of unsuccessful habeas petitions in the state courts. The California Supreme Court denied her final petition on March 30, 2011.

(f) Another year and a half passed. Petitioner filed this action on October 17, 2012.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale over ten years ago, in June of 2000, twelve months after Petitioner's conviction became final. Petitioner's commencement of state habeas proceedings after the expiration of her

limitations period cannot rejuvenate that limitations period. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file her response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: October 22, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE